116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry BROWN, Plaintiff,
and
Thelma EGAN, Plaintiff-Appellant,
v.
GREYHOUND LINES, INC., Defendant-Appellee.
 No. 96-15434.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1997
June 3, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, D.C. No. CV-94-02874-MHP; Marilyn H. Patel, District Judge, Presiding.
 
 
 2
 Before D.W. NELSON and FERNANDEZ, Circuit Judges, and MOLLOY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Thelma Egan appeals the district court's grant of summary judgment in favor of Greyhound Lines, Inc. on her claims of age discrimination under the California Fair Employment and Housing Act, negligent failure to prevent age discrimination, and breach of implied contract of employment. Egan, age fifty-four at the time of her termination, claims that Greyhound discriminated against her on the basis of age and negligently failed to prevent age discrimination against her. She also claims that Greyhound breached its implied contract to follow certain procedures prior to termination. We affirm.
 
 A. FEHA Age Discrimination
 
 5
 Analysis applicable under the federal Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, governs construction of the California Government Code § 12941, the relevant section of the FEHA. See Nesbit v. Pepsico, Inc., 994 F.2d 703, 704 (9th Cir.1993) (per curiam). Under that method of analysis, a plaintiff must first establish a prima facie case of discrimination. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). The burden then shifts to the defendant to offer a nondiscriminatory explanation for the discharge. See id. The plaintiff must then introduce evidence to show that the defendant's proffered reason is pretextual. See id. Essentially, Egan did not. We have carefully reviewed the record and, when all is said and done, she added nothing to her prima facie case which would indicate that age discrimination was involved. Certainly, there was not a single word or statement from the agents of the company which would indicate a discriminatory animus directed at older employees. Moreover, while she questions the company's explanation for her discharge, the evidence of falsity is utterly unmeaningful and insubstantial. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir.1996); Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). In short, Egan had to submit evidence from which a trier of fact could find that Greyhound discriminated against her because of her age, but from the totality of the evidence presented at summary judgment no reasonable trier of fact could have found in her favor. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Therefore, she did not demonstrate the existence of a genuine issue of material fact.
 
 B. Negligent Age Discrimination
 
 6
 We need not decide whether, under California law, a plaintiff can maintain a cause of action for negligent failure to prevent age discrimination. As we have said, Egan has not presented sufficient evidence to show that either Greyhound or it agents discriminated against her on that basis. Because there was insufficient evidence of discrimination, even if a cause of action for negligent age discrimination does exist, Greyhound was entitled to summary judgment.
 
 C. Breach of Implied Contract
 
 7
 Under California law, an "allegation of breach of written 'Termination Guidelines' implying self-imposed limitations on the employer's power to discharge at will may be sufficient to state a cause of action for breach of an employment contract." Foley v. Interactive Data Corp., 47 Cal.3d 654, 681, 765 P.2d 373, 388, 254 Cal.Rptr. 211, 226 (1988). To the extent that Greyhound created any self-imposed limitation on the manner in which it could terminate employees, the evidence indicates that it complied with that limitation. Therefore, if any implied contract existed, Greyhound did not breach it.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3