124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rose NEWELL, Plaintiff-Appellant,
v.
GLOBAL STEEL PRODUCTS CORP., Defendant-Appellee.
 No. 96-15944.
 United States Court of Appeals, Ninth Circuit.
 Aug. 28, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-00815-DLJ; D. Lowell Jenson, District Judge, Presiding.
 Before: SNEED, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo the district court's order granting summary judgment on Rose Newell's claims against Global Steel Products Corporation ("Global") for employment discrimination, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 269 (9th Cir.1996). In order to defeat summary judgment, Newell must show that there is a genuine dispute of material fact. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir.1997). The genuineness requirement "relates to the quantum of evidence the plaintiff must produce to defeat the defendant's motion for summary judgment." Id. A factual dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 3
 The California Fair Employment and Housing Act ("FEHA") prohibits employers from terminating employees based on disabilities and other protected characteristics (race, sex, etc.). Cal. Gov't Code § 12940(a). California courts analyze FEHA claims using the same analysis as for federal civil rights claims for discrimination under Title VII, 42 U.S.C. § 2000e. Mixon v. Fair Employment & Housing Comm'n, 237 Cal.Rptr. 884, 890-91 (Cal.Ct.App.1987).
 
 
 4
 The basic allocations of proof for a Title VII claim are well known: the plaintiff must first establish a prima facie case of discrimination; then the defendant must articulate a legitimate, nondiscriminatory reason for its action; and then the plaintiff must demonstrate the employer's proffered reason is a pretext for a discriminatory motive. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Newell at all times has the ultimate burden of persuasion that Global intentionally discriminated against her. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).
 
 
 5
 Newell admits that this scheme would apply at trial to a FEHA claim, but contends that California law does not employ the same shifting-burden analysis on summary judgment. Regardless of whether this correctly characterizes California law, the district court did not err in applying federal law so as to require Newell to establish a genuine issue of disputed fact regarding Global's allegedly discriminatory intent. See Nidds, 113 F.3d at 916; Bradley, 104 F.3d at 269-70. In a diversity case, after all, whether an issue presents a material disputed fact for the jury is a question determined under federal law, not state law. Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1307 n. 2 (9th Cir.1992). Thus, as for all motions for summary judgment, the moving party must show there is no genuine dispute of material fact.
 
 
 6
 A prima facie case may be based on either the so-called McDonnell Douglas factors creating a rebuttable presumption of discrimination[1] or by direct evidence of discriminatory intent. Schnidrig v. Columbia Machine, Inc., 80 F.3d 1406, 1409 (9th Cir.), cert. denied, 117 S.Ct. 295 (1996); Wallis, 26 F.3d at 889. To support her claim, Newell relied. on both the McDonnell Douglas factors and, as direct evidence of alleged discrimination, her telephone conversation with Allen on August 19, 1993.
 
 
 7
 Even assuming her evidence sufficed to shift the burden to Global to articulate a legitimate, nondiscriminatory reason for Newell's termination, Global met this burden. Specifically, it claimed that during her absence it discovered that Newell's performance was unsatisfactory. Thus, Newell must rebut this evidence with "specific, substantial evidence of pretext" to avoid summary judgment. Bradley, 104 F.3d at 271 (quoting Wallis, 26 F.3d a: 890)).
 
 
 8
 We are mindful that we have "set a high standard for the granting of summary judgment in employment discrimination cases." Schnidrig, 80 F.3d at 1410. We nonetheless agree with the district court's conclusion that Newell presented insufficient evidence to go to trial on her discrimination claim. She failed to establish a genuine dispute of fact that Global's proffered reason for termination--Newell's recently discovered poor job performance--was pretextual. As circumstantial evidence challenging Global's claim that it recently noticed that her unsatisfactory performance, she points out that she received no criticism before her firing and that she had consistently been given good reviews and promotions since she began in 1987. This does not refute Global's contentions that it discovered problems with her work during her absence in August 1993. Newell failed to offer evidence to create a genuine dispute that she had performed her recent work competently.
 
 
 9
 Newell's primary evidence proffered to rebut Global's proffered reason for termination was the evidence she proffered to establish her prima facie case: chiefly, Allen's alleged statement regarding her ability to do her job with her disability. As a matter of law, this is insufficient. We have repeatedly stated that an isolated statement that may arguably support an inference of discriminatory intent does not, by itself, necessarily create a genuine dispute of material fact without any evidence to rebut the defendant's proffered legitimate reason as pretextual. Nidds, 113 F.3d at 919; Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir.1993); Federal Deposit Ins. Corp. v. Henderson, 940 F.3d 465, 473 & n. 16 (9th Cir.1991). See also Wallis, 26 F.3d at 892.
 
 
 10
 Accordingly, Global's contention that Newell's performance declined after her last review and that her inadequate performance became clear only while she was on medical leave in July-August 1993 was not genuinely disputed by material facts. Newell's vigorous denials do not alone create such a dispute. Bradley, 104 F.3d at 270. The undisputed facts establish that Global had good cause for her termination. As a matter of law, Newell produced insufficient evidence for a rational jury to rule in her favor.
 
 
 11
 Both parties offer alternative bases to support their position. Because we are satisfied with the analysis of the district court, we decline to address Global's alternative basis for affirmance based on the argument that Newell did not establish that she was actually disabled. Further, we reject Newell's alternative basis for reversal based on the "mixed motive" theory--namely, that her disability more likely than not was a "motivating part" in the employment decision. Newell admits that she raised the argument for the first time on appeal, and we decline to consider it. Park Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1487 n. 4 (9th Cir.1995).
 
 II. BREACH OF CONTRACT AND IMPLIED COVENANT
 
 12
 We also affirm the district court's judgment against Newell on her claim for breach of an implied-in-fact contract not to terminate without good cause. Even if we, like the district court, assume for purposes of the motion that such an agreement existed, we find no breach. The district court correctly concluded that poor performance is a justifiable reason for termination. See Hicks v. Pacific Bell, 60 Cal.Rptr.2d 685, 696-97 (Cal. Ct. App 1997); Pugh v. See's Candies Inc., 250 Cal.Rptr. 195, 213 (Cal.Ct.App.1988). Because Newell failed to produce sufficient evidence to raise a triable issue of fact that she performed her job satisfactorily, the district court did not err in concluding as a matter of law that she was terminated for good cause.
 
 
 13
 Similarly, in order to raise a triable issue of fact on the claim for breach of the implied covenant of good faith and fair dealing, an employee must produce evidence that an employer acted in bad faith and without good cause for termination. Walker v. Blue Cross of California, 6 Cal.Rptr.2d 184, 191 (Cal.Ct.App.1992). We have held that Newell failed to raise a genuine issue of material fact on this point, and so affirm summary judgment against her on this claim as well.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the Supreme Court set forth four factors to establish a prima facie case of employment discrimination in the hiring context: membership in a protected class; application for a job for which the applicant is qualified; rejection of the application; after rejection, the position remained open and employer sought other similarly-qualified applicants. These same general factors apply to termination cases. St. Mary's, 509 U.S. at 506; Mixon, 237 Cal.Rptr. at 891; cf. Wallis, 26 F.3d at 891