134 F.3d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry H. MARSHALL, Plaintiff-Appellant,
v.
KELLY SERVICES, INC., a Michigan corporation, Defendant-Appellee.
 No. 97-55034.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1997.
Decided Jan. 9, 1998.
 
 1
 Before: SKOPIL, D.W. NELSON, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Barry Marshall brought this action under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12940(a), 12941, which prohibits employers from terminating employees based on disabilities and other protected characteristics such as age. The district court granted summary judgment in favor of Marshall's employer, Kelly Services, Inc., ruling that Marshall failed to submit evidence that Kelly's proffered justification for terminating him was a pretext for discrimination. We reject Marshall's contention that triable issues of fact barred summary judgment. We affirm.
 
 
 4
 California courts apply federal Title VII law when analyzing FEHA claims. See Bradley v. Harcourt, Brace, and Co., 104 F.3d 267, 270 (9th Cir.1996) (citing Clark v. Claremont Univ. Ctr. & Graduate Sch., 6 Cal.App. 4th 639, 662 (Cal.Ct.App.1992)). Thus, the district court applied the familiar shifting burden analysis applicable to disparate treatment cases. We agree with the district court that Marshall established a prima facie case of age discrimination by introducing evidence that "gives rise to an inference of unlawful discrimination." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir.1996) (internal quotation omitted), cert. denied, 118 S.Ct. 369 (1997). The burden thus shifted to Kelly "to produce evidence that it had a legitimate, nondiscriminatory reason for terminating" Marshall. Bradley, 104 F.3d at 270.
 
 
 5
 The district court accepted Kelly's proffered reason that Marshall was terminated because of his inability to increase Kelly's market share in Los Angeles. The court noted that Kelly supported its justification with undisputed evidence that Marshall was sent to Los Angeles specifically to increase market share, that Marshall admitted knowing that was his task, that Kelly's market share continuously declined under Marshall's leadership, and that Marshall was warned that his performance was not satisfactory. We agree with the district court that Kelly offered a legitimate, nondiscriminatory reason for Marshall's termination.
 
 
 6
 The burden accordingly shifted back to Marshall to produce "specific, substantial evidence of pretext." Bradley, 104 F.3d at 270 (internal quotation omitted). To avoid summary judgment, Marshall was required to offer probative evidence sufficient to "allow a reasonable factfinder to conclude either: (a) that the alleged reason for [his] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Nidds, 113 F.3d at 918. We agree with the district court that Marshall's evidence fails to show that Kelly's proffered reason is false. The court properly ruled that "[t]he undisputed evidence shows that [Kelly] terminated Marshall from his position as Vice President and Regional Manager for Kelly's Los Angeles Region after approximately five years of declining business performance and market share in the region under Marshall's management."
 
 
 7
 The court also properly rejected Marshall's pretext arguments. The reasonableness of Kelly's revised target goals and the reliability of Kelly's market share figures are not relevant absent evidence of discriminatory motives. See Douglas v. Anderson, 656 F.2d 528, 534 (9th Cir.1981) ("The reason for a business decision need not meet the unqualified approval of the judge or jury, so long as it is not based on age."). Marshall's declarations from other employees are insufficient to establish pretext. See Mundy v. Household Fin. Corp., 885 F.2d 542, 546 (9th Cir.1989) ("In a large corporation with branch offices throughout the country, the discharge of seven older employees over a two and half year period alone does not establish a pattern or practice of discrimination."). His statistical evidence is also inconclusive and fails to establish a "statistical pattern that adversely affects older employers." Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir.1993). Marshall's reliance on "stray comments" is unavailing--he made no showing of any relationship between the remarks and his termination; such evidence therefore "falls short of creating an inference of age discrimination." Id.
 
 
 8
 Finally, Marshall argues that the events giving rise to his termination support an inference of age discrimination sufficient to defeat summary judgment. We disagree. As the district court noted, Kelly simply offered Marshall the choice of retirement if he did want to take on the task of meeting increased goals. When Marshall refused the retirement offer, Kelly offered to transfer Marshall to a smaller region with no change in title, salary, or benefits. Marshall refused to accept the transfer, stating that he "would rather retire." The district court correctly reasoned that there was "no evidence in the circumstances of Marshall's transfer from which to infer age discrimination."
 
 
 9
 Marshall also alleged a medical discrimination claim that the district court initially dismissed on the ground that the claim was preempted by state workers' compensation laws. The court reversed that ruling, however, based on City of Moorpark v. Superior Court, 50 Cal.Rptr.2d 816 (Cal.Ct.App.) (state workers' compensation laws do not preempt FEHA claims), rev. granted, 59 Cal.Rptr.2d 1 (1996). The district court ultimately ruled that Marshall failed to establish a prima facie claim because there is no evidence that his alleged disability was a factor in Kelly's decision to terminate him. We agree with that conclusion, and accordingly, we reject Marshall's suggestion that we await the California Supreme Court's decision in Moorpark.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3