William L. NESBIT, Plaintiff–Appellant,

v.

PEPSICO, INC., Defendant–Appellee.

Charles A. SELBY, Plaintiff–Appellant,

v.

PEPSICO, INC., Defendant–Appellee.

Nos. 91–16802, 91–16887.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1993.

Decided June 2, 1993.

Ellen Lake, Oakland, CA, for plaintiff-appellant Nesbit.

John A. McGuinn, McGuinn, Hillsman & Palefsky, San Francisco, CA, for plaintiff-appellant Selby.

Robert T. Zielinski, Ross & Hardies, Chicago, IL, for defendant-appellee.

Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.

PER CURIAM:

This appeal is from the district court's grant of summary judgment in favor of defendant/appellee Pepsico in two age discrimination cases under the California Fair Employment and Housing Act. *See* Cal. Gov't Code §§ 12900 *et seq.* Both plaintiffs/appellants William Nesbit and Charles Selby claim that the district court erred by (1) determining that they had not presented a prima facie case of discrimination and (2) refusing to admit certain evidence probative of discrimination. We affirm.

Nesbit and Selby were both employed by New Century Beverage when Pepsico acquired New Century in January, 1987. Nesbit was a chain account manager; Selby was an assistant operations manager. Nesbit was forty-nine years old at the time of termination; Selby was fifty-nine years old. After the acquisition, Pepsico instituted a reduction in work force as part of a reorganization for economic reasons. Over a period of a year and a half, Pepsico reduced the work force of former New Century salaried employees from 262 to 236.

Nesbit and Selby filed separate actions in the Santa Clara Superior Court alleging age discrimination in violation of the California Act. Pepsico removed each action to the federal district court for the Northern District of California based on diversity jurisdiction. After consolidation, the district court granted summary judgment in favor of Pepsico in each case, holding that Nesbit and Selby had failed to make out a prima facie case of discrimination. The background and course of litigation are set forth more fully in the district court's opinion. *Selby v. Pepsico,* 784 F.Supp. 750 (N.D.Cal.1991).

Appellants first contend that the district court applied the wrong standard under California law. Appellants rely on the California Fair Employment and Housing Commission decision in *Dept. of Fair Employment and Housing v. Church's Fried Chicken, Inc.,* No. 87–18 (1987). In that case, the Commission stated that the framework set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), whereby the plaintiff must first establish a prima facie case, should no longer apply. However, the Commission decision is of no help to appellants here because the Commission abandoned the *McDonnell Douglas* framework only for cases brought before the Commission. The Commission reasoned primarily that because, unlike a court, the Commission has before it all of the evidence, there is no reason to require shifting burdens of production. Thus, the use of a prima facie framework to weed out meritless cases is unnecessary because all of the evidence has already been presented. The Commission's reasoning is limited to cases before the state agency, not the courts.

The appellants' more serious challenge is that the district court misapplied the standards set forth by the applicable law. California courts have adopted the analysis applicable to the Age Discrimination Employment Act. *See Stephens v. Coldwell Bankers Commercial Group, Inc.,* 199 Cal.App.3d 1394, 1399, 245 Cal.Rptr. 606 (1988). The district court correctly described the burden of proof by relying on the Supreme Court's decision in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and the Ninth Circuit case *Rose v. Wells Fargo,* 902 F.2d 1417 (9th Cir.1990). The district court explained:

To establish a *prima facie* case of age discrimination, and thereby shift the burden of proof to defendant ... plaintiffs must produce enough evidence to permit the trier of fact to infer the fact of age discrimination....

An employee may establish a *prima facie* case of age discrimination under the disparate treatment theory by showing that he: (1) was a member of the protected class, age 40–70; (2) was performing his job in a satisfactory manner; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or

inferior qualifications. The failure of the fourth element is not necessarily fatal if the discharge results from a general reduction in the work force due to business conditions. However, in RIF cases, plaintiff must show through circumstantial, statistical or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination.

*Pepsico,* 784 F.Supp. at 754 (internal citations and quotations omitted).

Appellants contend that the evidence in this case give rise to an inference that the discharges were motivated by age discrimination. Specifically, appellants argue that the cumulative effect of the following gives rise to such an inference: (1) statistical evidence that some older workers were terminated while some younger workers were retained and that employees hired after the RIF were generally younger than those terminated; (2) a comment by Nesbit's direct superior to Nesbit that "[w]e don't necessarily like grey hair"; and (3) an interview of Pepsico's Senior Vice President of Personnel in which he stated, "We don't want unpromotable fifty-year olds around." After examining this evidence we find that it fails to demonstrate "that the discharge occurred under circumstances giving rise to an inference of age discrimination." *Rose,* 902 F.2d at 1421.

First, the statistical evidence presented by the appellants is unavailing because it fails to connect the RIF with any pattern of discrimination. For example, three of the five chain account managers retained were forty or over, and thus protected by the Act. Also, the other chain account manager terminated along with Nesbit was only 38 years old—the second youngest CAM prior to the terminations. It is also important that of the nineteen employees terminated overall, ten were under forty. There is no statistical pattern that adversely affects older employees. *Id.* at 1423 (statistics must show "stark pattern of discrimination unexplainable on grounds other than age.") The subsequent hiring of younger persons to fill other openings created by attrition is immaterial to Pepsico's intent with respect to these plaintiffs. *See id.* at 1422 (hiring that occurred much later than terminations does not fulfill plaintiffs' burden).

Appellant Nesbit also relies on a comment by supervisor Steven Lawrence made to Nesbit during a meeting. Lawrence reportedly said that "[w]e don't necessarily like grey hair." Although more than the "stray remark" involved in *Merrick v. Farmers Ins. Group,* 892 F.2d 1434 (9th Cir.1990), Lawrence's comment was uttered in an ambivalent manner and was not tied directly to Nesbit's termination. It is at best weak circumstantial evidence of discriminatory animus toward Nesbit.

The remaining evidence relied upon by the appellants is the reported interview with Roger King, Pepsico's Senior Vice President of Personnel. In the interview, King stated: "We don't want unpromotable fifty-year olds around." An affidavit from the author of the article was presented by the appellants to verify the statement, which was offered as an admission of a party-opponent. *See* Fed. R.Evid. 801(d)(2)(D). The district court refused to consider the article, holding that it was inadmissable hearsay because appellants failed to show that King was acting within the scope of his employment. There is authority to the contrary. *See Hoptowit v. Ray,* 682 F.2d 1237, 1262 (9th Cir.1982); *Buscemi v. Pepsico, Inc.,* 736 F.Supp. 1267 (S.D.N.Y.1990) (admitting same article). However, we note that harmless errors do not require reversal. *Merrick,* 892 F.2d at 1439. Even assuming, arguendo, that the article was admissible, it is not of much assistance to plaintiffs. The statement was very general and did not relate in any way, directly or indirectly, to the terminations of Nesbit or Selby.

Viewing the evidence cumulatively, and in a light most favorable to the appellants, it falls short of creating an inference of age discrimination. Accordingly, the decision of the district court is **AFFIRMED.**