101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Richard F. FELKER, Plaintiff-Appellant,
v.
PEPSI-COLA CO. and Pepsico, Inc., Defendants-Appellees.
 No. 95-9012.
 United States Court of Appeals, Second Circuit.
 March 28, 1996.
 
 APPEARING FOR APPELLANT:Kevin C. Beuttenmuller, Rucci, Gleason & Burnham, Darien, Conn.
 APPEARING FOR APPELLEES:Richard E. Lieberman, Ross & Hardies, Chicago, IL.
 Before NEWMAN, Chief Judge, PARKER, Circuit Judge and NICKERSON,* District Judge.
 SUMMARY ORDER
 GOETTEL, Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Plaintiff-appellant Richard F. Felker appeals from the September 14, 1995, judgment of the District Court, after a bench trial with an advisory jury, finding in favor of defendants-appellees Pepsi-Cola Co. and Pepsico, Inc. (collectively "Pepsi") on Felker's claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq.. Felker contends that the Trial Judge should now be recused and also challenges the Judge's ultimate ruling and an evidentiary ruling.
 
 
 4
 1. Recusal. Felker argues for the first time on appeal that the District Judge should have recused himself pursuant to 28 U.S.C. § 455(a) because the Judge is predisposed to disbelieve jury findings in favor of plaintiffs in discrimination cases. Felker also contends that the Judge's rulings were based on "extrajudicial sources"--namely, the Judge's experience with juries and his alleged view that plaintiffs use the discrimination laws to avoid the employment-at-will doctrine.
 
 
 5
 As a threshold matter, the recusal claim is untimely. Such claims must be made "at the earliest possible moment after obtaining knowledge of such facts demonstrating the basis for such a claim." Apple v. Jewish Hospital and Medical Center, 829 F.2d 326, 333 (2d Cir.1987). The statements about which Felker now complains were made in open court on August 18, 1995, before judgment was rendered. "Having never moved for [the District Judge's] recusal, let alone having done so timely, [Felker] is poorly positioned at this late date" to raise a disqualification claim. Polizzi v. United States, 926 F.2d 1311, 1321 (2d Cir.1991).
 
 
 6
 In any event, on the merits, Felker has failed to demonstrate a basis for recusal. The statements Felker highlights as demonstrating bias were innocuous. At the end of a detailed, well-reasoned discussion of the case, the Judge simply noted his experience with juries in discrimination cases, and referred to a commentator's statements on the erosion of the at-will employment doctrine. A judge's views on the law acquired through experience and scholarly commentary are not a basis for disqualification. Liteky v. United States, 114 S.Ct. 1147, 1157 (1994).
 
 
 7
 Felker is essentially claiming bias because the Judge ruled against him, disagreeing with the advisory jury. However, a judge sitting with an advisory jury " 'is not bound by the findings of the advisory jury, which [the judge] is free to adopt in whole or in part or to totally disregard.' " Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 907 (2d Cir.1993) (quoting Sheila's Shine Products, Inc. v. Sheila Shine, Inc., 486 F.2d 114, 122 (5th Cir.1973)).
 
 
 8
 2. Reliance on alternative business reasons. Felker contends that the District Court's ruling in favor of defendants was clearly erroneous, because the Court invented a legitimate reason for the discharge that was never articulated by the company. Felker mischaracterizes the District Court's ruling and also misstates the governing law. The District Court found that company officers believed that plaintiff had either misused funds or had displayed an egregious lack of business judgment, which were the reasons articulated by Pepsi for the discharge. In explaining on what basis it might uphold the advisory jury's finding that Pepsi's proffered business reasons were pretextual, the District Court conjectured that the jury could have found that the real reason for the discharge was to obscure ineffective accounting procedures and lax supervision by plaintiff's supervisors. The District Court then explained that even if it accepted the jury's finding on pretext, it could not accept the jury's finding that age was a determinative factor in the discharge. While the rejection of a defendant's proffered business reasons for the adverse employment action permits a finding of discrimination, it does not require it. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993). The District Court, as the finder of fact, was permitted to accept the premise that reasons other than those articulated by defendant were the basis of the discharge, but nevertheless find in favor of defendants on the ultimate question of whether plaintiff proved discrimination. Id. at 2756.
 
 
 9
 3. Evidentiary ruling. Even if we assume that the newspaper article was improperly excluded, see, e.g., Buscemi v. Pepsico, Inc., 736 F.Supp. 1267, 1269 n. 3 (finding same article not double hearsay), any error was harmless, see, e.g., Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir.1993) (exclusion of same article harmless error).
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation