76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anita BROWN, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH CO., Defendant-Appellee.
 No. 94-55478.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided Feb. 9, 1996.
As Modified on Denial of Rehearing and Suggestion for
Rehearing En Banc April 4, 1996.
 
 MEMORANDUM*
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 Brown appeals the grant of summary judgment in favor of the American Telephone & Telegraph Company ("AT & T") dismissing her California state law employment discrimination action in which she claimed race and age discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. BACKGROUND
 
 2
 AT & T hired Brown in 1963 as a telephone operator. In 1985, AT & T transferred her to an Order Typist position. In 1988, as a result of mechanization and consolidation, AT & T eliminated the Order Typist position. AT & T encouraged Brown to transfer to another position within AT & T. The other five Order Typists in Brown's office (one of whom was black) did so. Though Brown repeatedly applied for a transfer, on each occasion she either withdrew her application or failed the qualifying examination.
 
 
 3
 In February 1989, Brown filed a racial discrimination charge against AT & T with the United States Equal Employment Opportunity Commission ("EEOC"). In May 1989, AT & T told the EEOC that it would not fire any of its Order Typists. In September 1990, the EEOC determined that AT & T had not discriminated against Brown. In July 1991, after Brown requested review, the EEOC affirmed its determination.
 
 
 4
 Conflicting evidence clouds whether AT & T transferred Brown from an Order Typist position to a Records Clerk position. The latter position but not the former had "bumping rights," which allow a laid off employee to take the job of a retained employee with less seniority. Whatever her title, evaluation forms demonstrate that AT & T was satisfied with Brown's performance between 1988 and 1991.
 
 
 5
 On May 15, 1991, AT & T announced that it would eliminate the Order Typist position and remove all personnel from that position in two months. Brown was the only Order Typist in the western United States. AT & T simultaneously eliminated 75 other positions in the region. During the two month interim, Brown applied for three transfers but withdrew her application each time. On July 15, 1991, AT & T fired Brown.
 
 
 6
 One week later, according to the declaration of AT & T employee Rebecca Clark, AT & T hired Shepherd to do the work Brown had been doing. Brown is black and Shepherd is white. AT & T claims it hired Shepherd, a retired AT & T employee, as a "temporary" worker.
 
 
 7
 On July 26, 1991, eleven days after firing Brown, AT & T introduced a new pension enhancement plan that would have allowed Brown to leave with an immediate pension instead of waiting until she turned 65.
 
 
 8
 In March 1993, Brown sued AT & T in a California court for wrongful termination and discrimination on the basis of race and age. The action was removed to federal district court pursuant to 28 U.S.C. § 1446 on the basis of diversity of citizenship. In March 1994, the court granted AT & T's motion for summary judgment. Brown appeals.
 
 II. STANDARD OF REVIEW
 
 9
 We review a grant of summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). Viewing the evidence in the light most favorable to the nonmoving party, we must decide whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 III. RACIAL DISCRIMINATION
 
 10
 In actions claiming racial discrimination, the California courts have adopted the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), analytic regime. Clark v. Claremont Univ. Ctr., 8 Cal.Rptr.2d 151, 164 (Cal.Ct.App.1992); Mixon v. Fair Employment & Housing Comm'n, 237 Cal.Rptr. 884, 890 (Cal.Ct.App.1987).
 
 
 11
 Brown made out her prima facie case. She is black. Her performance satisfied AT & T. AT & T fired her. Brown submitted the declaration of another AT & T employee who claims AT & T replaced Brown with Shepherd, a white temporary employee. AT & T in turn satisfied its burden of production, claiming it fired Brown and hired Shepherd because temporary workers are more flexible and less expensive, and because Shepherd was more qualified.
 
 
 12
 To avoid summary judgment, Brown must produce "specific, substantial evidence" that these claims are a pretext to hide racial discrimination. Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). Brown did produce evidence that for all relevant purposes Brown is as qualified as Shepherd. However, as to AT & T's cost-cutting claim, Brown only produced evidence of the following facts: AT & T broke its promise to the EEOC not to fire Order Typists, AT & T may have improperly fired her as an Order Typist without bumping rights, and Brown was the only Order Typist in the western region. Even if true, none of these facts can raise a triable issue over the validity of AT & T's cost-cutting explanation.
 
 IV. AGE DISCRIMINATION
 
 13
 California courts also apply the McDonnell Douglas analytic model to age discrimination cases. Nesbit v. Pepsico, Inc., 994 F.2d 703, 704-05 (9th Cir.1993); Ewing v. Gill Industries, Inc., 4 Cal.Rptr.2d 640, 644-45 (Cal.Ct.App.1992).
 
 
 14
 Brown failed to make out her prima facie case: no evidence suggests that Brown is older than Shepherd. Brown also produced no evidence suggesting AT & T fired her and hired Shepherd not to cut costs but to eliminate older employees. Brown did present evidence that AT & T fired her eleven days before introducing a more favorable pension plan. However, AT & T gave Brown ample opportunity to transfer into a more secure job title. Moreover, discrimination on the basis of pension status is properly challenged under ERISA. See Hazen Paper Co. v. Biggins, 507 U.S. 604, ----, 113 S.Ct. 1701, 1707 (1993).
 
 V. EXHAUSTION OF CONTRACT REMEDIES
 
 15
 In light of our resolution on the merits, we need not reach AT & T's arguments regarding Brown's alleged failure to exhaust arbitration remedies available under her collective bargaining contract.
 
 VI. CONCLUSION
 
 16
 On both her age and racial discrimination claims, Brown produced no evidence that rebuts AT & T's claim that it fired Brown and hired Shepherd because temporary workers cost less and are more flexible than permanent workers. On her age discrimination claim, Brown produced no supporting evidence. Accordingly, we affirm the District Court's judgment granting summary judgment in favor of AT & T.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3