124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. RHINEHART, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES, Richard M. Celano and Does
1 Through 10, Inclusive, Defendants-Appellees.
 No. 96-15896.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997.
Decided Aug. 13, 1997.
 
 Appeal from the District Court for the Northern District of California, CV-95-154-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and WALLACH, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 We review the grant of summary judgment to the defendant below de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 3
 Rhinehart established the first three elements of a prima facie case of age discrimination, viz., that he was a member of a protected class, employees more than 40 years of age, that he performed his duties satisfactorily, and that he was discharged. See, Rose v. Wells Fargo & Company, 902 F.2d 1417, 1421 (9th Cir.1990). We are satisfied, however, that the district court did nor err in finding that he failed to establish the fourth element of the prima facie case, i.e., that he was replaced by a substantially younger employee, or that circumstantial, direct or statistical evidence gives rise to an inference of discrimination. Id., Nesbit v. Pepsico, Inc., 994 F.2d 703, 704-05 (9th Cir.1993).
 
 
 4
 Rhinehart conceded that his employer, IBM, had valid business reasons to reduce its workforce. The evidence shows that the company ranked its employees in Rhinehart's geographical area and job classification according to their relative employment evaluation scores received over a three year period. IBM then selected employees from the bottom of the list until it had reached the requisite number to be laid off. This method of selecting targets for a reduction in force is on its face age-neutral, and not in violation of federal or state discrimination law.
 
 
 5
 Rhinehart presented neither substantial evidence that IBM used a selection method different from the foregoing, nor other statistical or circumstantial evidence that allows an inference of age discrimination. While it is true that each of the eight Account Customer Engineers ("ACE's") laid off was 40 or more years of age and in the protected class, six of the eight retained also were 40 or more years of age. Whether this sample is statistically relevant or not, it does not establish discrimination.
 
 
 6
 The redistribution of Rhinehart's responsibilities also does not show discrimination. The record indicates that his remaining account responsibilities were transferred to six retained employees. Half of the six were forty or more years of age, and two of them were older than Rhinehart.
 
 
 7
 Rhinehart's arguments that his declining performance evaluations and the application of higher evaluation criteria to more experienced employees were discriminatory are similarly unavailing. "[T]he use of subjective employment criteria is not unlawful per se. Although subjective practices may provide 'ready mechanisms for discrimination', their relevance to proof of a discriminatory intent is weak. Honorable employers frequently use subjective criteria also. Indeed, in many situations they are indispensable to the process of selection in which employers must engage." Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1075 (9th Cir.1986) (citations omitted).
 
 
 8
 Our review of the record revealed no reason to question the validity of Rhinehart's performance evaluations. Though necessarily subjective, they had a sound basis in fact. Moreover, we see nothing intrinsically improper in an employer expecting a higher level of performance of its more experienced employees. Such standards are wise human resources policy, and not themselves proof of wrongful intent.
 
 
 9
 Finally, the release form IBM proffered to Rhinehart in return for a severance package does not show discriminatory intent. The same standard release was given to all employees regardless of age or disability as part of the "IBM Employee Transition Plan". The fact that Rhinehart received it in this context proves nothing.
 
 
 10
 Rhinehart's claim of disability discrimination also lacks the support of evidence in the record. The circumstances of his termination, as analyzed herein, do not establish discrimination. Nor does the testimony of his supervisor Dwiggins regarding his performance evaluation. Dwiggins testified that he was aware of Rhinehart's respiratory malady. He stated, however, "Was it something I changed his appraisal on? No." ER 663. Rhinehart did not present contraverting evidence.
 
 
 11
 The claim of discrimination under FEHA against Richard Celano as an individual also is unavailing. Although, the California Supreme Court has not addressed the existence of a statutory claim against an individual supervisor for employment discrimination under FEHA, the California Court of Appeal held recently that such a cause of action does not exist. Janken v. GM Hughes Electronics, 46 Cal.App. 4th 55, 53 Cal.Rptr.2d 741 (Ct.App.), rev. denied (1996). We find that opinion persuasive on this issue of California law.
 
 
 12
 As a final matter, Rhinehart's claim of wrongful discharge based on California public policy has no merit. As set forth above, he has not presented facts from which one can conclude that he was indeed wrongfully discharged. Therefore, we need not address the question of whether California's public policy tort law supports a cause of action for discrimination-based wrongful discharge.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3