Charlene M. HEFFLER, Plaintiff—
Appellant,

v.

FREIGHTLINER L.O.C., a Delaware
corporation, Defendant—
Appellee.

No. 02–35274.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided June 9, 2003.

Before: LAY,* WALLACE, and TALLMAN, Circuit Judges.

MEMORANDUM **

Charlene M. Heffler appeals the district court's adverse summary judgment in her employment discrimination action against defendant Freightliner. Heffler alleges claims for sex discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, and Oregon law, ORS 659.030(1)(b). She claims that Freightliner discriminated against her when it failed to select her for the position of temporary back-up foreman. We review the district court's summary judgment de novo. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 659 (9th Cir.2002). Because we hold that Heffler failed to adequately rebut the legitimate reasons offered by Freightliner in support of its hiring decision, we affirm.

We employ the familiar burden-shifting scheme set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–06, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Aragon*, 292 F.3d at 658–59. The district court concluded that Heffler presented a *prima facie* case of sex discrimination but that Freightliner offered a legitimate, non-discriminatory reason for not selecting Heffler as the back-up foreman. The district court correctly determined that Heffler shouldered the burden of establishing that Freightliner's explanation was really a pretext for unlawful discrimination. *Id.* To avoid summary judgment, Heffler was required to offer "specific and substantial" evidence of pretext by "either directly persuading the court that a discriminatory reason more likely motivated [Freightliner] or indirectly by showing that [Freightliner]'s proffered explanation

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is unworthy of credence." *Id.* at 658–59 (internal citation omitted).

The comment Heffler relies on as "direct evidence" of discriminatory intent fails to raise a genuine issue of material fact. The comment in question was made eight years before the company's decision to select someone other than Heffler as the back-up foreman. The comment was made by a person who left Freightliner one year after making the comment and who played no role in the challenged decision. The record also indicates that the comment may have been intended as a joke and was therefore an ambiguous remark not tied directly to the employment action. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918–19 (9th Cir.1996) (comment referencing "old timers" not sufficiently probative of discriminatory motive); *Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir.1993) (comment "we don't necessarily like grey hair" found insufficient to establish inference of discriminatory motive). As such, the district court correctly determined that the comment was too old and attenuated to create an inference of sex discrimination. *Nidds,* 113 F.3d at 919.

Heffler's proffered circumstantial evidence likewise fails to raise a genuine issue of material fact. Freightliner explained that it deviated from its customary practice of selecting the new back-up foreman from within the shift in which the need occurs because the new back-up foreman would be required to run the shop for three weeks immediately after assuming the position because of the foreman's planned vacation. Heffler offers no evidence calling into doubt the veracity of Freightliner's explanation or the legitimacy of its concerns. Likewise, Heffler offers no evidence that the foreman's three-week vacation was not unusual. Under these circumstances, Freightliner's decision to secure an experienced foreman from another shift is not substantial evidence from which the factfinder could conclude that Freightliner's proffered excuse was a pretext for unlawful discrimination. *See Aragon,* 292 F.3d at 661–62; *Nidds,* 113 F.3d at 918.

We conclude that the district court did not err in granting Freightliner's motion for summary judgment.

AFFIRMED.