Robert BLACK; et al., Plaintiffs—
Appellants,

v.

William J. HENDERSON, Postmaster
General, Defendant—Appellee.

No. 02–17275.

D.C. No. CV–99–04806–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided March 2, 2004.

Mary Dryovage, Law Offices of Mary Dryovage, San Francisco, CA, for Plaintiffs–Appellants.

Michael Propst, U.S. Postal Service, Burllingame, CA, Steven J. Saltiel, USSF–Office of the U.S. Attorney, San Francisco, CA, for Defendant–Appellee.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM *

The appellants are plaintiffs in an employment discrimination suit against the United States Postal Service (USPS). The district court granted summary judgment for the USPS on the plaintiffs' claim that the decision to decentralize a USPS Special Delivery Unit (SDU) and reassign them to other locations discriminated against them. The plaintiffs appeal the judgment against the age and disability claims but raised no argument in their briefs on the judgment against their race, gender, and retaliation claims. These latter claims therefore are waived. *See Int'l Union of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985). The plaintiffs also appeal the denial of their motion to submit supplemental declarations. We affirm.

### I.

To bring suit under the Age Discrimination in Employment Act (ADEA), an employee must be a member of the protected class, at least forty years of age at the time of the alleged personnel action. *See* 29 U.S.C. § 631(a); *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Four of the plaintiffs (Chester

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Blanson, Caesar Borela, Robert Huey, and David Spector) had not reached forty years of age on the date of the alleged adverse action, the 1991 decentralization of the SDU, and are therefore not members of the protected class.

█ With respect to the disparate treatment claims of plaintiffs who were at least forty years of age at the time of the alleged adverse action, the USPS articulated a legitimate, non-discriminatory reason for the decentralization. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir.1990). A senior delivery analyst learned that post offices in major, urban areas achieved higher rates of deliveries per hour by decentralizing their SDU's, and on the analyst's advice, the postmaster decided to decentralize in order to reduce delivery times and improve efficiency. The postmaster declared that he rendered this decision without consideration of age, disability, race, national origin, gender, or EEO activity.

The plaintiffs did not establish by a preponderance of the evidence that the USPS's non-discriminatory reason was a pretext for discrimination. *See id.* The plaintiffs did not show that their immediate supervisor who uttered several ageist comments participated in the decision to decentralize or that the postmaster who made the decision held similar views. *See Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir.1993). The failure to conduct a study to determine whether efficiency would improve does not suggest an illegitimate motive because the defendant was following the successful approach of other post offices.

█ With respect to the disparate impact claims, the plaintiffs did not demonstrate that the facially neutral decision to decentralize the SDU fell more harshly on older than younger workers. *See Rose,* 902 F.2d at 1423–24. The district court's

grant of summary judgment on both the disparate treatment and disparate impact claims of age discrimination was therefore proper. *See id.* at 1421, 1424.

## II.

Three plaintiffs (Wilber Kong, David Spector, and Sedelia Thomas) alleged that the decentralization caused the loss of their reasonable accommodations in violation of 29 C.F.R. § 1614.203(b); *Dempsey v. Ladd,* 840 F.2d 638, 639–40 (9th Cir. 1987). However, these plaintiffs did not provide any supporting evidence; instead, these plaintiffs stated in their depositions that they were reasonably accommodated before and after the decentralization. The district court's summary judgment on these claims was also proper.

## III.

█ Our conclusions are not altered by consideration of the allegations contained in the plaintiffs' supplemental declarations, and therefore, the district court's denial of plaintiffs' request to submit them was not an abuse of discretion. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Industries, Inc.,* 84 F.3d 1186, 1192 (9th Cir.1996).

**AFFIRMED.**