Robert RIESGO, Plaintiff—Appellant,

v.

EDWARD D. SULTAN COMPANY, LTD, dba The Sultan Company, a Hawaii Corporation; Paul Sato, an individual, Defendants—Appellees.

No. 04–55577.

D.C. No. CV–02–09788–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 6, 2005.

Joseph M. Lovretovich, Esq., Law Offices of Joseph M. Lovretovich, Woodland Hills, CA, for Plaintiff–Appellant.

Tracy L. Nation, Esq., Wingert, Grebing, Brubaker and Ryan, San Diego, CA, for Defendants–Appellees.

Before CANBY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Robert Riesgo appeals the district court's grant of summary judgment to his former employer, the Edward D. Sultan Company ("Sultan"), in Riesgo's action claiming that Sultan terminated him in violation of California's Fair Employment and Housing Act. We review *de novo* and affirm. *See Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,* 516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996).

The parties agree that (1) Riesgo established a prima facie case and (2) Sultan's proffered reason for terminating him, a decline in business that necessitated a reduction in force, was non-discriminatory. *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 354–57, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). The only disputed issue is whether Riesgo raised a genuine factual question whether, with the evidence viewed in the light most favorable to Riesgo, Sultan's rationale was a pretext for discrimination. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1282 (9th Cir. 2000), *cert. denied,* 533 U.S. 950, 121 S.Ct. 2592, 150 L.Ed.2d 751 (2001); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.,* 225 F.3d 1115, 1126 (9th Cir.2000).

Although Paul Sato's comments [1] satisfy the minimal standard to establish a prima facie case, they were insufficient to allow a reasonable fact finder to conclude *either* (a) that Sultan did not discharge Riesgo because of a reduction in force or downturn in business *or* (b) that Sultan's true reason for discharging him was discriminatory. *See Pottenger v. Potlatch Corp.,* 329 F.3d 740, 746 (9th Cir.2003). Even when all of the evidence is interpreted in the light most favorable to Riesgo, he failed to show a nexus between Sato's comments and his termination. Sato was not the decisionmaker. His statements were both temporally and substantively unrelated to Sultan's termination process. *See Harris v. Itzhaki,* 183 F.3d 1043, 1055 (9th Cir. 1999). The comments were, at most, ambiguous and ambivalent. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 919 (9th Cir.1996), *cert. denied,* 522 U.S. 950, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997); *Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir.1993). Accordingly, the statements are insufficient to defeat Sultan Co.'s motion for summary judgment.

The district court's judgment is

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The only comments relevant to this case are Sato's statements: (1) that he could see why "[a]t [Riesgo's] age," he had to "sleep in;" and (2) whether "[a]t your age, [do] you want to continue to carry samples and things like that?" Riesgo does not recall when the first statement occurred. The second comment was made four days after Riesgo was robbed of his jewelry samples, three months before he was terminated, and six weeks before Sultan began considering laying him off.