**Avrum V. GRATCH, M.D., Plaintiff—Appellant,**

v.

**Gordon H. MANSFIELD,\* Acting Secretary for the U.S. Department of Veterans Affairs, Defendants—Appellees.**

**No. 06–15317.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007 \*\*.

Filed Dec. 18, 2007.

---

2. Araza raised this issue in his opening brief, but we did not address it in the original memorandum disposition.

\* Gordon H. Mansfield, Acting Secretary for the U.S. Department of Veterans Affairs, is substituted for his predecessor, former Secretary

Jim Nicholson, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mary M. Dryovage, Esq., Law Offices of Mary Dryovage, San Francisco, CA, Charles Stephen Ralston, Esq., East Chatham, NY, for Plaintiff–Appellant.

San Francisco City Attorney's Office Fox Plaza, San Francisco, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, COWEN,\*\*\* and HAWKINS, Circuit Judges.

\*\*\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

MEMORANDUM \*\*\*\*

Dr. Avrum R. Gratch, M.D. (Dr. Gratch) appeals the adverse summary judgment grant in favor of the Veteran's Administration (VA), arguing that there exists a genuine issue of material fact as to whether he was fired because of his age.

Although Dr. Gratch may have been able to establish a prima facie case of age discrimination, the VA provided a legitimate reason for his termination from a position that (as he acknowledged at his hiring) was both part-time and temporary: The salary for his position was needed to fund a full-time position for Dr. Nicholas Giori, a doctor with exceptional qualifications (including a Ph.D. in mechanical engineering, research contributions to the fields of biomechanics and mechanical engineering, and a Mayo Clinic fellowship). Even if we were to somehow ignore the differences between a part-time and full-time position, selecting a candidate with superior qualifications is a legitimate, non-discriminatory reason for termination. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918 (9th Cir.1996).

Dr. Gratch cannot show that this legitimate reason is a pretext for age discrimination, particularly in light of the "strong inference" of non-discrimination that arises because "the same actor[s]" (Dr. George Sims and Dr. Thomas Burdon) were "responsible for both the hiring and the firing" of Dr. Gratch, and "both actions occur[red] within a short period of time." *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270–71 (9th Cir.1996). Nor was the stray comment about Dr. Giori being viewed by Stanford as "sort of a shining

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

star in—as a young, academic clinical orthopedic surgeon, qualifications which Dr. Gratch does not possess," sufficient to show pretext. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1284–85 (9th Cir. 2000) (employer's statement that plaintiff was not "young and promotable" insufficient to overcome summary judgment); *Nesbit v. Pepsico,* 994 F.2d 703, 705 (9th Cir.1993) (employer's statement that "[w]e don't necessarily like grey hair" insufficient to overcome summary judgment); *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438–39 (9th Cir.1990) (hiring supervisor's statement that he replaced plaintiff with younger worker because we was a "bright, intelligent, knowledgeable young man" insufficient to overcome summary judgment).

The district court did not err in granting summary judgment.

**AFFIRMED.**