Rene MAGSANOC, Plaintiff—
Appellant,

v.

**COAST HOTELS & CASINOS, INC.,**
Defendant—Appellee.

No. 06–17093.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 13, 2008.

Richard Segerblom, Las Vegas, NV, for Plaintiff–Appellant.

Sheri Schwartz, Lewis Brisbois Bisgaard & Smith LLP, James P. Chrisman, Barker Brown Busby Chrisman, et al., Las Vegas, NV, Jeffry A. Miller, Lewis Brisbois Bisgaard & Smith, LLP, San Diego, CA, for Defendant–Appellee.

Before: FARRIS, SILER,* and BEA, Circuit Judges.

## MEMORANDUM **

Rene Magsanoc, a Filipino–American, was fired from his position as a Shift Manager at the Orleans Hotel and Casino, which is owned by Coast Hotels and Casinos, Inc. He brought a Title VII action alleging that he was terminated on account of his national origin and race. He appeals the district court's grant of summary judgment for Coast. We review the district court's order de novo and view the evidence in the light most favorable to Magsanoc. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). We affirm.

In evaluating a discrimination claim under Title VII, we apply the three-part burden-shifting analysis of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Coghlan v. Am. Seafoods Co. LLC,* 413 F.3d 1090, 1093–94 (9th Cir.2005). Magsanoc established a *prima facie* case for racial discrimination, and Coast met its burden of offering a legitimate, nondiscriminatory reason for Magsanoc's termination. To avoid summary judgment, *Magsanoc* must demonstrate a genuine issue of material fact as to whether Coast's proffered explanation is pretextual. *Cotton v. City of Alameda,* 812 F.2d 1245, 1248 (9th Cir.1987). Magsanoc fails to meet this burden.

Hunter's "white people" comment and "joke" about shooting black people, while racist and insensitive, are "stray remarks" "not tied directly to [Magsanoc's] termination" and are insufficient to create a triable issue of fact. *Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir.1993). Neither remark was directed towards, or made with respect to, Magsanoc or any other Coast employee. Nor is it clear when the statements were made.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

There is nothing in the record to suggest that Hunter's English-only policy was adopted to discriminate against foreign nationals, or that it was enforced selectively against Magsanoc. It is, at best, weak circumstantial evidence of pretext. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998).

Finally, the record belies Magsanoc's assertion that Coast lied in answering interrogatories, as Coast filed an amended response correcting its earlier mistake.

**AFFIRMED.**