FILED

JUN 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENNIS L. TURNEY, a married man,

Plaintiff - Appellant,

v.

HYUNDAI CONSTRUCTION
EQUIPMENT USA INCORPORATED;
HYUNDAI HEAVY INDUSTRIES
LIMITED; JOHN LIM, an individual,

Defendants - Appellees.

No. 11-15300

D.C. No. 2:09-cv-00632-MEA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding

Argued and Submitted May 14, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Plaintiff-Appellant Dennis L. Turney ("Turney") appeals the district court's

grant of summary judgment in favor of Defendants-Appellees on his claims of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* We affirm.

Turney alleges he was terminated from his position at Hyundai Construction Equipment USA, Inc. ("HCE") because of his age and because he is a non-Korean Caucasian American. HCE claims it terminated Turney for performance-related problems, a "legitimate, nondiscriminatory reason" for the adverse employment action. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916-17 (9th Cir. 1996).

Even though he is Caucasian, Turney belongs to a protected class for purposes of his national origin discrimination claim because "Title VII applies to any racial group, whether minority or majority." *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002). Nevertheless, Turney's national origin discrimination claim fails because Turney has not produced sufficient evidence to state a *prima facie* case. Turney was replaced in his position at HCE by a man who, like him, was Caucasian American. Turney has identified no admissible evidence of national origin discrimination in his appellate briefs. The district court correctly granted summary judgment in favor of Defendants-Appellees on Turney's Title VII claim.

2

Though Turney's evidence of age discrimination is stronger than his evidence of national origin discrimination, it is still insufficiently probative to "raise a triable issue that [HCE's] proffered reason [for terminating Turney] is pretext for unlawful discrimination." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). Turney has not shown he was replaced by a "substantially younger" employee. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Furthermore, the comments allegedly made by defendant John Lim are more properly characterized as stray remarks than direct evidence of discrimination. *See Nidds*, 113 F.3d at 918-19 ("old timers" comment insufficient to "create an inference of age discrimination"); *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (ambivalent comment not tied directly to termination is "at best weak circumstantial evidence of discriminatory animus"); *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438-39 (9th Cir. 1990). The district court did not err in granting summary judgment in favor of Defendants-Appellees on Turney's ADEA claim.

AFFIRMED.