**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GARY W. MCCLAIN, | No. 12-16888 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02117-LDG-VCF |
| v. | |
| COUNTY OF CLARK, a political subdivision of the State of Nevada, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted October 8, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Gary McClain appeals from the district court's grant of summary judgment

in favor of Clark County on his claims of employment discrimination on the basis

of age, race, and national origin under the Age Discrimination in Employment Act

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 1967, 29 U.S.C. §§ 621–634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and Nevada Revised Statute § 613.330, as well as the district court's decision to grant leave to the County to file an oversize reply brief in support of its motion for summary judgment. We affirm the district court on both claims.

I

Isolated references to McClain as an "old dog" and a "crazy Canadian" fail to rise to the level of direct evidence of discriminatory motive. *See, e.g.*, *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir. 1996) (concluding that a reference to older individuals as "old timers," when not directly tied to the employee's termination, was ambiguous and failed to rise to the level of direct evidence); *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (considering a supervisor's comment that "[w]e don't necessarily like grey hair" to be weak circumstantial evidence when made in an ambivalent manner not directly tied to the employee's termination). Thus, the district court correctly applied the *McDonnell Douglas* burden-shifting framework to analyze McClain's discrimination claims. *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009).

To establish a prima facie case of discrimination under the *McDonnell Douglas* framework, McClain must establish, *inter alia*, that he performed his job

satisfactorily and that he was treated differently than similarly situated employees outside of his protected class. *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1093–94 (9th Cir. 2005). We agree with the district court's conclusion that McClain failed to raise a material issue of fact as to each of these requirements.

In the three years preceding his termination, McClain received numerous performance evaluations and written reproofs citing disciplinary violations. McClain's termination recommendation letter, drafted after yet another instance of insubordinate behavior, cites these continuing violations as the reason for McClain's termination. As McClain has failed to produce any evidence to call these disciplinary violations into doubt, the district court correctly determined that McClain failed to establish a material issue of fact as to whether he satisfactorily performed his job. For the same reason, the district court correctly declined to apply the cat's paw theory of liability to the County based on McClain's allegations that Art Alvarez, a supervisor allegedly motivated by discriminatory animus, "set[] in motion" McClain's termination. *Poland v. Chertoff*, 494 F.3d 1174, 1181 (9th Cir. 2007).

McClain's claim that the County favored younger employees of an Asian/Pacific Islander or Filipino background is similarly unsubstantiated. In the two years preceding McClain's termination, five of the nine inspectors hired by the

3

County were over the age of forty. When two employees of an Asian background committed disciplinary violations similar to those committed by McClain, they received similar written reproofs. The County also followed a regimented hiring program designed to limit the influence of any one individual in hiring decisions. In light of this evidence, the district court correctly determined that McClain's "sweeping conclusory allegations" of unequal treatment failed to create a material issue of fact as to whether McClain was treated differently than those not in his protected class. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011).

Because McClain failed to raise an issue of material fact as to two elements of his prima facie case of employment discrimination, the district court correctly granted summary judgment in favor of the County.

II

The district court did not abuse its discretion in granting the County leave to file a reply brief only fourteen pages over the standard limit when McClain's brief in response contained over 700 pages of exhibits. *See* D. Nev. R. 7–4; *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (noting that a district court's compliance with local rules is reviewed for abuse of discretion).

**AFFIRMED.**

4