
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERI SERLIN, | No. 14-15937 |
| Plaintiff - Appellant, | D.C. 2:12-cv-01431-JCM-NJK |
| v. | |
| ALEXANDER DAWSON SCHOOL, LLC, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 7, 2016[**]
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and ANELLO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Plaintiff-Appellant Cheri Serlin appeals the district court's grant of summary judgment in favor of Defendants-Appellees (collectively, "Dawson") on the following claims: (1) disability discrimination pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and Nevada Revised Statute (NRS) § 613.330; (2) religious discrimination and hostile work environment based on religion pursuant to 42 U.S.C. §§ 2000e *et. seq*. (Title VII) and NRS § 613.330; (3) retaliation pursuant to Title VII and NRS § 613.340; and (4) age discrimination under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. § 621, *et seq*. and NRS § 613.330.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court properly granted summary judgment in Dawson's favor on Serlin's claim of disability discrimination because Serlin has failed to establish a sufficient causal connection between Dawson's decision not to renew her teaching contract and her disability.  *Dark v. Curry County*, 451 F.3d 1078, 1085 (9th Cir. 2006).  First, Serlin has not shown that the ultimate decision maker–her employer–contemplated her disability when deciding not to renew her contract. Second, insofar as Serlin's theory of liability is that her coworkers' frustration with frequently having to oversee her classroom due to her disability may be imputed to her employer, such a causal chain is too attenuated under this Court's precedents.

2

*Compare e.g.*, *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139-40 (9th Cir. 2001); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 874-75 (9th Cir. 1989).

Even assuming Serlin established a prima facie case, Dawson offered legitimate, nondiscriminatory reasons for choosing not to renew Serlin's contract, and Serlin failed to satisfy the burden of demonstrating that those reasons were pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001) (applying the *McDonnell Douglas* framework to ADA discrimination cases). We affirm the district court's grant of summary judgment in Dawson's favor on Serlin's disability discrimination claim.

2. Regarding Serlin's religious discrimination claim, Serlin has failed to demonstrate that her religion (Judaism) was a "motivating factor" in Dawson's decision not to renew her contract. *See* 42 U.S.C. § 2000e-2(m). Serlin's bare assertion that Dawson declined to renew other Jewish teachers' contracts fails to raise the inference that Dawson chose not to renew Serlin's contract based on her religion, particularly where Dawson has cited to neutral reasons for the decision, and where Serlin's proffered comparison does not "show a stark pattern of discrimination unexplainable on [nondiscriminatory grounds]" or account for

3

nondiscriminatory variables, as she has provided no information as to the other teachers' qualities or Dawson's reasons for declining to renew their contracts. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283 (9th Cir. 2000). We affirm the district court's grant of summary judgment in Dawson's favor on Serlin's religious discrimination claim.

Further, Serlin has failed to show that a coworker's pattern of referring to Serlin's hometown of Skokie, Illinois as the "bagel belt" created a hostile work environment. Serlin's coworker's comments only occurred no more than ten times in a two year period and were not of a physically threatening or humiliating nature. The district court was correct in finding that no rational trier of fact could find such comments sufficiently severe, pervasive, or objectively offensive to give rise to a claim under Title VII. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (noting that a "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee" is insufficient to violate Title VII). We affirm the district court's grant of summary judgment in Dawson's favor on Serlin's hostile work environment claim.

3. Regarding Serlin's retaliation claim, Serlin has not demonstrated that the

informal complaint she made regarding a coworker's comments about her was a but-for cause of Dawson's decision not to renew Serlin's contract. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (holding that a plaintiff must show traditional "but-for" causation to succeed on a retaliation claim). However, the mere fact that Serlin made her complaint three months prior to Dawson's decision not to renew her contract is insufficient evidence of causation in this case. *See Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Serlin has not provided any other evidence that Dawson relied on her complaint in deciding not to renew her contract. Further, even assuming Serlin has established a prima facie case of retaliation, Dawson has articulated legitimate, nondiscriminatory reasons for the adverse action, and Serlin fails to provide any evidence that Dawson's reasons were pretextual. We affirm the district court's grant of summary judgment in Dawson's favor on Serlin's retaliation claim.

4. Finally, the district court properly granted summary judgment in Dawson's favor on Serlin's claim of age discrimination. Serlin has not produced sufficient evidence of pretext to rebut Dawson's proffered, legitimate and neutral reasons for its decision not to renew Serlin's contract. As indirect evidence of pretext, Serlin points to the fact that three other teachers whose contracts were not renewed were over the age of forty. However, her statistical evidence does not

5

suffice to "show a stark pattern of discrimination unexplainable on [nondiscriminatory grounds]," nor does it account for nondiscriminatory variables. *See Coleman*, 232 F.3d at 1283. For example, Serlin has not provided Dawson's reasons for the other teachers' terminations.

Further, the decision makers' statements that they desired creative and "dynamic" teachers who have an "energized way of teaching" and who will integrate technology into lessons are "at best weak circumstantial evidence of discriminatory animus" based on age. *See Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (finding a supervisor's comment "[we] don't necessarily like grey hair" to be insufficient to show discriminatory animus where the comment "was uttered in an ambivalent manner and was not tied directly to [the plaintiff's] termination"). We affirm the district court's grant of summary judgment in Dawson's favor on Serlin's age discrimination claim.

For the foregoing reasons, Serlin fails to raise a triable issue of material fact as to any of her claims that are the subject of this appeal.

**AFFIRMED**.