**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NORMAN DILLARD, an individual,

        Petitioner - Appellant,

v.

HYATT CORPORATION, a Delaware corporation,

        Respondent - Appellee.

No. 14-56380

D.C. No. 8:13-cv-01655-JLS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted July 8, 2016
Pasadena, California

Before: VANASKIE,[**] MURGUIA, and WATFORD, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Thomas I. Vanaskie, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Norman Dillard appeals from the district court's order granting summary judgment to Hyatt Corporation on his claims of employment discrimination on account of race, age and disability. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

1. With respect to his race discrimination claim, Dillard has not met his burden of producing specific and substantial evidence that Hyatt's stated reason for terminating him—his failure to adequately supervise his subordinate's company credit card purchases—was "untrue or pretextual." *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (quoting *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 493 (Cal. Ct. App. 1999)). The statistical evidence he produced is not sufficient to defeat summary judgment, whether considered alone or in the context of his other evidence. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 663–64 (9th Cir. 2002). Quite simply, Dillard did not produce evidence that demonstrates "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Lucent Techs.*, 642 F.3d at 746 (citation omitted). Moreover, Dillard has not produced any evidence of racial animus on the part of the decisionmaker, Kevin Kennedy, or proffered any

2

evidence that Kennedy was influenced by the racial animus of another. In fact, Kennedy had hired Dillard and, just months before terminating him, had given Dillard the highest annual salary increase of the eight directors that worked underneath Kennedy. This gives rise to "a strong inference . . . that there was no discriminatory motive." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996); *see also Schechner v. KPIX-TV*, 686 F.3d 1018, 1026 (9th Cir. 2012); *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1098 (9th Cir. 2005). Accordingly, Dillard has failed to raise a triable issue as to whether Hyatt's stated reason for termination was untrue or pretextual. *See Lucent Techs.*, 642 F.3d at 746.

2.      For similar reasons, we affirm the district court's grant of summary judgment in favor of Hyatt on Dillard's age discrimination claim. The only evidence Dillard presented to show that Hyatt's stated reason for termination was pretext for age discrimination is two remarks made by Kennedy. Dillard, however, concedes that the two remarks do not "in of themselves raise a triable issue of fact as to pretext." (Appellant Br. at 58–59.) Kennedy's comments are classic "stray remark[s]" that do not support an inference of age discrimination. *See Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993).

3.    We likewise affirm the district court's grant of summary judgment in favor of Hyatt on Dillard's disability discrimination claim.  The declaration of Jane Guest is insufficient to infer a pattern and practice of disability discrimination because it provides only one subjective, anecdotal example of alleged disability discrimination.  *Compare Coghlan*, 413 F.3d at 1099–1100 ("[E]ven a pattern of three replacements is, under our precedent, too small a sample . . . ."), *with Johnson v. United Cerebral Palsy/Spastic Children's Found. of L.A. & Ventura Ctys.*, 93 Cal. Rptr. 3d 198, 212–15 (Cal. Ct. App. 2009).

**AFFIRMED.**