Marcie BROWN, Plaintiff—Appellant,

v.

**CIRQUE DU SOLEIL NEVADA, INC., dba/Cirque Du Soleil, Defendant—Appellee.**

No. 05–16843.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 01, 2007.

---

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Scott M. Abbott, Esq., Bryan J. Cohen, Esq., Kamer Zucker & Abbott, Las Vegas, NV, for Defendant–Appellee.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Marcie Brown appeals the district court's grant of summary judgment and denial of a motion for reconsideration of a claim under the Age Discrimination in Em-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ployment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634 (2000), and a claim for retaliatory discharge for filing a workers' compensation claim under Nevada law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a summary judgment grant *de novo, Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 888 (9th Cir.1994), and a denial of a motion for reconsideration for abuse of discretion, *Smith v. Pacific Props. & Dev. Corp.,* 358 F.3d 1097, 1100 (9th Cir.2004), and we affirm.

For an ADEA claim, we employ the framework developed in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that formulation, a plaintiff must first establish a *prima facie* case of discrimination. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1280–81 (9th Cir.2000). A *prima facie* case is established if it is shown that the plaintiff (1) was a member of the protected class (at least age 40), (2) performed her job satisfactorily, (3) was discharged, and (4) was replaced by a younger employee with equal or inferior skills. *Id.* at 1281. Once this is shown, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for the discharge. *Id.* If this burden is met, the plaintiff must show that the employer's reason for the discharge is a pretext for age discrimination. *Id.* at 1282.

■ We agree with the district court that Brown satisfied her initial burden and established a *prima facie* case of discrimination. The record shows that Brown was over age 40 when she was discharged and that she was replaced by a younger cellist who had equal or inferior skills. Brown produced evidence of satisfactory performance. Because that inquiry involves a question of fact, for summary judgment purposes, we must assume that she did adequately perform, as the district court found. Thus, Brown established a *prima*

*facie* case of discrimination. *See Aragon v. Republic Silver State Disposal Inc.,* 292 F.3d 654, 659–60 (9th Cir.2002).

■ We also conclude that Cirque du Soleil, in fulfilling the next step of *McDonnell Douglas,* offered a legitimate, nondiscriminatory reason for Brown's discharge. Cirque du Soleil presented evidence that Brown was terminated for a negative attitude and unprofessional conduct, providing specific examples. Cirque du Soleil also provided evidence that the music had become "irregular in consistency in relation to the acts performed on stage," and that, as a result, Brown, two other members of the band and the band leader, were fired at the same time. Thus, Cirque du Soleil satisfied its burden of providing a nondiscriminatory reason for the discharge. *See Stegall v. Citadel Broadcasting Co.,* 350 F.3d 1061, 1068 (9th Cir.2004) (holding a negative attitude is a legitimate, nondiscriminatory reason for termination); *Aragon,* 292 F.3d at 660–61 (holding poor job performance is a legitimate, nondiscriminatory reason for termination).

■ Shifting the burden back to Brown, we conclude that Brown failed to offer evidence that the reason for her termination was a pretext for age discrimination. Brown contended that she established that Cirque du Soleil had a discriminatory motive because the band leader imitated her as an old lady, and her supervisor referred to her as "experienced," "senior," and a "veteran." Because the band leader was not involved in the decision to discharge Brown and was fired at the same time as Brown, and there was no nexus between the supervisor's comments and the decision to discharge Brown, both the imitation and comments were stray remarks unrelated to her discharge. *See Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 918–19 (9th Cir.1997); *Nesbit v. Pepsico, Inc.,* 994

F.2d 703, 705 (9th Cir.1993) (per curiam). Thus, the imitation and comments failed to demonstrate a discriminatory motive.

■ Several undisputed facts also did not support a finding of discriminatory motive. The record shows that Cirque du Soleil discharged Brown at the same time that it discharged three other employees, two of whom were under age 40, and the musicians were terminated for similar reasons. Cirque du Soleil also hired Brown when she was age 41 over a younger cellist who had auditioned for Brown's job. Finally, Brown was hired and fired by the same person within a 15-month period, and we have held that a strong inference of nondiscrimination applies if an employee is hired and fired by the same supervisor within a short period of time. *Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270–71 (9th Cir.1996). Thus, the district court properly found that Brown failed to satisfy her burden and granted summary judgment for Cirque du Soleil.

The district court also properly found that there was no triable issue of fact with respect to Brown's retaliatory discharge claim. It is unlawful for an employer to discharge an employee for filing a worker's compensation claim under Nevada law. *Hansen v. Harrah's,* 100 Nev. 60, 64–65, 675 P.2d 394 (1984). Brown admitted that it was not the filing of the workers' compensation claim, but rather she contended that it was the injury that preceded the filing that was the basis for her retaliation claim. Because Brown admitted that she was not discharged for filing a worker's compensation claim, the district court properly granted summary judgment. *See id.*

■ Finally, the district court did not abuse its discretion in denying Brown's motion for reconsideration based on newly discovered evidence because Brown's new evidence would not change the outcome of the case. *See School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993).

**AFFIRMED.**

