**Rodney HOLLOWELL, Plaintiff-Appellant,**

v.

**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, Defendant-Appellee.**

**No. 14-35882**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2017 \*
Portland, Oregon

Filed July 3, 2017

*See* Fed. R. App. P. 34(a)(2).

Rodney Hollowell, Pro Se

Chris Kitchel, Senior Litigation Attorney, Laura E. Rosenbaum, Attorney, Stoel Rives LLP, Portland, OR, for Defendant-Appellee

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,** Senior District Judge.

## MEMORANDUM ***

Plaintiff-appellant Rodney Hollowell appeals from the district court's order granting summary judgment in favor of defendant-appellee Kaiser Foundation Health Plan of the Northwest ("Kaiser") and dismissing all of his claims. Hollowell, an employee of Kaiser, alleged, as relevant here, that Kaiser interfered with and retaliated against him for his exercise of rights under the Family and Medical Leave Act of 1993 (the "FMLA"); discriminated against him based on his race with regard to discipline, job assignments, and pay; retaliated against him for an internal complaint that he filed in 2009; and paid him less than female employees who performed the same work. After Hollowell's motion for leave to amend his complaint to add a claim of supervisor harassment was denied by a magistrate judge, the district court granted Kaiser's motions for summary judgment, finding Hollowell's FMLA claims time-barred and that he had failed

to establish a prima facie case for each of his other claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment *de novo*, "applying the same standards that applied in the district court." *Ctr. for Biological Diversity v. Salazar*, 706 F.3d 1085, 1090 (9th Cir. 2013). "The determination of willfulness is a mixed question of law and fact," which we also review *de novo*. *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir. 2003). We review for abuse of discretion denial of leave to amend a complaint. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

■ The district court properly concluded that Hollowell's claims under the FMLA are time-barred because he has not established a willful violation of the statute. *See* 29 U.S.C. § 2617(c). Kaiser was entitled to demand adequate certification from Hollowell before approving his requests for leave. *See* 29 U.S.C. § 2613(a). Hollowell has not provided evidence that, by requesting additional documentation from Hollowell and declining to certify his leave until that documentation was provided, Kaiser "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), and this Court "will not presume that conduct was willful in the absence of evidence," *Alvarez*, 339 F.3d at 909.

■ The district court properly granted summary judgment on Hollowell's 42 U.S.C. § 1981 discrimination claims. Hollowell did not claim in the district court that he had shown discrimination through direct evidence and cannot raise that claim

---

** The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the first time on appeal. *See Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999). In any event, the claim fails, because the evidence on which Hollowell relies is either a "stray remark" insufficient to support a finding of discrimination, *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993), or does not actually constitute direct evidence of discrimination, *see Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1095 n.8 (9th Cir. 2005). Hollowell's attempt to prove discrimination based on circumstantial evidence also fails because he did not establish a prima facie case under the *McDonnell Douglas* framework applicable to § 1981 discrimination claims. *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 797 (9th Cir. 2003). Hollowell provided no evidence that decisions relating to disciplinary actions, job assignments, and pay were made other than in accordance with Kaiser's generally applicable policies, nor that those policies were applied in a racially disparate manner, and he therefore has failed to show that he was treated differently than similarly situated white employees, which is one of the required elements of a prima facie case. *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 n.5 (9th Cir. 2003).

■ The district court properly granted summary judgment on Hollowell's § 1981 retaliation claim because Hollowell did not demonstrate a causal connection between his protected activity of filing an internal complaint and the allegedly adverse actions that followed. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (stating that a prima facie case requires "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two"). Hollowell's reliance on temporal proximity to show causation fails because one of the adverse actions that Hollowell alleges was the next step in a continuing course of action that began before he filed the internal complaint, and the others occurred four or more months after the filing of the internal complaint. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[I]n order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." (internal quotation marks omitted)). In addition, even assuming Hollowell had established a causal link, he did not demonstrate that the legitimate reasons proffered for the allegedly adverse actions—Kaiser's policies and the fact that a restructuring eliminated his previous job assignment—were pretextual because there was no evidence that a retaliatory intent "more [than] likely motivated" the actions or that the proffered reasons are "unworthy of credence." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000).

■ The district court properly granted summary judgment on Hollowell's Equal Pay Act claim because he did not show that Kaiser "pays different wages to employees of the opposite sex for substantially equal work." *EEOC v. Maricopa Cty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984). This Court employs a "two-step 'substantially equal' analysis in Equal Pay Act cases" that requires first determining "whether the jobs to be compared have a 'common core' of tasks, *i.e.* whether a significant portion of the two jobs is identical," and, if they do, determining "whether any additional tasks, incumbent on one job but not the other, make the two jobs 'substantially different.'" *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1074 (9th Cir. 1999). Here, the potential comparators that Hollowell identifies spend little time performing the tasks that occupy the majority of Hollowell's time and, conversely, spend most of their time performing tasks for

which Hollowell is not trained and which he does not perform.

Finally, because Hollowell did not object to the magistrate judge's initial denial of leave to amend his complaint by adding a claim of supervisor harassment, nor to the denial of reconsideration of that decision, he has forfeited his right to appeal that issue. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

**AFFIRMED.**